## J. S. Hulse Hardware Co. v. American Express Co.

1. RECOVERY—*Of Money Paid Under Misapprehension.*—Money paid under a misapprehension of facts may be recovered back.
2. VERDICTS—*On Conflicting Evidence.*—A verdict rendered upon conflicting testimony is in general conclusive.

**Assumpsit,** for money paid under misapprehension of facts. Error to the Circuit Court of Winnebago County; the Hon. JAMES SHAW, Judge,

J. S. Hulse Hardware Co. v. American Express Co.

presiding.   Heard in this court at the December term, 1895.   Affirmed.
Opinion filed June 1, 1896.

L. L. Morrison, attorney for appellant.

William Lathrop, attorney for appellee.

Opinion per Curiam.

This suit was brought by appellee to recover $150, which
it had paid to appellant in September, 1893, on an alleged
claim of loss of a bicycle delivered to appellee for shipment.
A trial by jury resulted in a verdict and judgment for ap-
pellee for $150.

There is but one mooted question involved, and that is one
of fact.   It is whether appellant did, as claimed, deliver to
appellee, on or about November, 1892, for shipment, the
bicycle in question.

A large number of witnesses were examined.   We can
not in this opinion do more than recite the salient facts
which we have gleaned from the very voluminous record
filed.

Late in October, 1892, W. A. Brolin left with appellant
at Rockford, a Lozier bicycle, No. 311, which he had pur-
chased from appellant, to be sent to Cleveland, Ohio, for
repair.   Appellant claims to have delivered the machine to
appellee on November 1, 1892.   It had in its possession two
receipts from the express company, one dated November 1st,
for a wheel to be shipped to the Lozier company, and an-
other, dated November 4th, for a wheel to be shipped to the
same company.   A wheel was received for shipment as
above, and was accounted for; and appellee contends that
the two receipts covered but one wheel, and that the reason
that two receipts were executed is, that after the wheel was
received, on November 1st, it was returned to appellant to be
crated, and that when it came back to the express office, on
November 4th, a new receipt was given for it without taking
up the old one.

We have reached the conclusion that appellee is correct
in this contention, and that the Brolin bicycle was never re-

ceived by it. We are satisfied by the evidence that after appellant had taken the bicycle from Brolin, it was sent to the Doubler Novelty Works at Rockford, for repairs. That it remained at the shops of the Doubler company until the dissolution of that company, and until the new firm of Dougherty & Shaw took possession of the shops, March, 1893; that it was sold by Shaw to one Taylor, in June, 1893; that Taylor subsequently sold it to Welty, and that it was discovered in his possession in February, 1894, when it was replevied.

The jury evidently took the same view of the facts that we have, and could of course do nothing short of finding for appellee in the amount which it had paid under the erroneous impression that the bicycle was lost while in its possession for shipment.

We do not care to discuss the errors claimed in the instructions. The judgment is right and should stand. Judgment affirmed.